IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY LEE WRIGHT                                                                                         PLAINTIFF

V.                                                                             CIVIL ACTION NO. 1:17-CV-9-SA -DAS

STATE OF MISSISSIPPI, et al.                                                                         DEFENDANTS

ORDER DENYING IFP APPLICATION

The Court reviewed the Plaintiff's pending application for leave to proceed *in forma pauperis* [2] and the Report and Recommendation [9] of the Magistrate Judge of April 12, 2017. In his application, the Plaintiff indicated that he is married. Therefore, he is required to submit the Long Form Application (AO Form 239), providing financial information for himself *and* his spouse. *Muhammad v. Louisiana Attorney Disciplinary Board*, 2009 WL 3150041 at *1, (E.D. La. Sept. 25, 2009) (Court denied application based on combined income of spouses); *Dow v. Colvin*, 2013 WL 1952092 (N.D. Tex. Apr. 15, 2013).

28 U.S.C. § 1915 authorizes this Court to allow a plaintiff to proceed *in forma pauperis* when the person "submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue; or . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curium). *See also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

On February 14, 2017, the Court ordered the Plaintiff to submit a completed long form application within fourteen days. The Plaintiff failed to do so and instead, filed a response indicating his intent to defy the Court's Order. On April 12, 2017, the Magistrate Judge entered a Report and Recommendation indicating that the motion to proceed without prepayment of costs should be denied. The Report and Recommendation was mailed to the Plaintiff on the same date. The Plaintiff filed an out of time Objection [10] which the Court considered. The Plaintiff's Objection does not address the content, merits, or issues raised in the Magistrate Judge's Report and Recommendation. Instead, the Plaintiff merely attempts to confuse the issue. The Court does not find the Plaintiff's objection relevant or persuasive. Because the Plaintiff refuses to supply the Court with requisite information, the Court is unable to adequately determine his financial condition, and thus cannot grant *in forma pauperis* status. *See Williams*, 681 F.2d at 947; *Prows*, 842 F.2d at 140.

The Court accepts the Report and Recommendation and adopts it as the findings of fact and conclusions of law of this Court. The Plaintiff's application to proceed *in forma pauperis* is denied. The Plaintiff shall pay the necessary court costs within fourteen days of this order. If the Plaintiff fails to pay the court costs within that time, the action will be dismissed without further order from the Court and the case closed.

SO ORDERED on this the 11th day of May, 2017.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE