IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY LEE WRIGHT                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:17-CV-9-SA -DAS

STATE OF MISSISSIPPI, et al.                                                                       DEFENDANTS

ORDER OF DISMISSAL

In a separate Order [11], the Court reviewed the Plaintiff's application for leave to proceed *in forma pauperis* [2] and found that because the Plaintiff refused to supply the Court with requisite information, the Court was unable to adequately determine his financial condition. The Court denied *in forma pauperis* status and ordered the Plaintiff to pay the necessary court costs within fourteen days or face dismissal of the action. The Plaintiff did not pay his court costs and instead filed a Response [12] that fails to address any of the relevant issues in this case.

Title 28 U.S.C. § 1915 authorizes this Court to allow a plaintiff to proceed *in forma pauperis* when the person "submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue; or . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curium). *See also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

A review of the record reveals that virtually all of the grounds for dismissal found in § 1915(e) are present in this case. The Plaintiff's filings in this case are overt, intentional attempts

to delay the process of this Court, confuse the issues, and harass the named Defendants. In addition, the Plaintiff has not outlined a clear basis for any claim or for federal jurisdiction. The Court finds that the record, specifically the Plaintiff's filings, demonstrates a clear record of delay and intentional, contumacious conduct. In addition, the level of disregard for this Court's authority clearly outlined in the Plaintiff's filings demonstrates that the imposition of any sanction short of dismissal is highly unlikely to have any impact on the Plaintiff or his conduct. For all the reasons found above, and for the reasons stated in the Court's previous Orders, the Court orders this case DISMISSED with prejudice. This CASE is CLOSED.

SO ORDERED on this the 2nd day of June, 2017.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE